IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **BCMS PARTNERS, LP d/b/a RIOUX CAPITAL,**<br><br>    Plaintiffs,<br><br>v.<br><br>**KALAMATA CAPITAL, LLC,**<br><br>    Defendant. | CIVIL ACTION NO. 1-16-cv-241 |

### KALAMATA CAPITAL LLC'S NOTICE OF REMOVAL

Defendant, Kalamata Capital, LLC ("Kalamata"), files this Notice of Removal pursuant to 28 U.S.C. § 1441, based upon diversity jurisdiction under 28 U.S.C. § 1332.

### I. INTRODUCTION

1.  On January 26, 2016, Plaintiff, BCMS Partners, LP d/b/a/ Rioux Capital ("Rioux"), filed a Verified Original Petition for Declaratory Judgment (the "Original Petition").

2.  In its one-count Original Petition, Rioux seeks a declaratory judgment regarding the parties' respective rights and obligations under a certain Participation Agreement, including a declaration by this Court that Rioux has no current obligation to repay Kalamata the $300,000.00 Kalamata invested in Rioux. *See* Plaintiff's Original Petition at ¶ 22. Rioux also seeks recovery of its reasonable and necessary attorneys' fees in this action.

### II. STATUTORY REQUIREMENTS – DIVERSITY REMOVAL

3.  This Court has original jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The requirements for diversity jurisdiction are met in this case, as the

509282.1

parties are completely diverse in citizenship and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.[1]

A.  **Complete Diversity Exists.**

    4.    Complete diversity exists because the parties are of complete diverse citizenships.

    5.    Kalamata is a citizen of Maryland and New York because all of its members are citizens of Maryland and New York.[2] None of the members of Kalamata is a citizen of Texas.

    6.    Rioux is a Texas limited partnership and all of its partners are citizens of Texas. Therefore, Rioux is a citizen of Texas.

    7.    Rioux is a citizen of Texas and Kalamata is a citizen of Maryland and New York, therefore, complete diversity exists among all parties to this action.

B.  **The Amount in Controversy Exceeds $75,000.00.**

    8.    Rioux's Original Petition does not seek a specified amount of monetary relief, but rather, seeks relief in the form of a declaratory judgment. Under Fifth Circuit law, "the amount in controversy in an action for declaratory judgment is the value of the right to be protected or the extent of the injury to be prevented." *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002) (internal citations omitted).

    9.    In this action, Rioux requests, *inter alia*, that this Court "declare Rioux Capital to have no obligation to repay Defendant's full $300,000 Participation Amount until such time that Rioux is able, if at all, to collect those outstanding amounts due and owning under the In Liquidation factoring agreements." *See* Plaintiff's Original Petition at ¶ 22. Accordingly, the value of the alleged right for which Rioux seeks protection and the value of the alleged injury

---

[1] 28 U.S.C. § 1332.

[2] Under Fifth Circuit law, the citizenship of a limited liability company such as Kalamata is determined by the citizenship of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008).

509282.1

Rioux seeks to prevent is no less than $300,000.00. Therefore, the "amount of controversy" in this case exceeds the jurisdiction threshold of $75,000.00.

### III. VENUE

10. Venue for this Removal is proper in the U.S. District Court for the Western District of Texas, Austin Division because this district and division includes Travis County, Texas—the location of the pending state court action.

### IV. ADDITIONAL REQUIREMENTS

11. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in the state court action and obtained by Kalamata are attached hereto as **Exhibit "A"** and incorporated herein by reference.

12. Kalamata was served with the Original Petition on January 29, 2016. Accordingly, this Notice is timely.[3]

13. Written notice of this Notice of Removal will be provided to Rioux and filed with the District Clerk of Travis County, Texas. A copy of said Notice of Removal of State Court Action is attached hereto as **Exhibit "B"**.

14. In the event that Rioux seeks to remand this case, or the Court considers remand *sua sponte*, Kalamata respectfully requests the opportunity to submit such additional argument or evidence in support of removal as may be necessary.

WHEREFORE, having satisfied the requirements for removal under 28 U.S.C. §§ 1441 and 1332, Kalamata gives notice that Cause No. D-1-GN-16-000381, now pending in the 98th Judicial District Court of Travis County, Texas has been removed to this Court.

---

[3] 28 U.S.C. § 1446(b).

509282.1

Respectfully submitted,

By: /s/ *Jeffrey R. Seewald*
    **Jeffrey R. Seewald**
    State Bar No. 17986640
    Fed. ID 28500
    McGLINCHEY STAFFORD, PLLC
    1001 McKinney Street, Suite 1500
    Houston, Texas 77002
    Telephone: (713) 335-2102
    Facsimile: (713) 520-1025
    jseewald@mcglinchey.com

***ATTORNEY-IN-CHARGE FOR DEFENDANT***

**OF COUNSEL:**
MATT D. MANNING
State Bar No. 24070210
Fed. ID 1057428
McGlinchey Stafford, PLLC
1001 McKinney, Suite 1500
Houston, TX  77002
(713) 520-1900
(713) 520-1025 (Fax)
mmanning@mcglinchey.com

**CERTIFICATE AND NOTICE OF FILING**

    I certify that on February 26, 2016 this Notice of Removal was sent to the District Clerk of Travis County, Texas, and that written notice of filing of the Notice of Removal was served via certified mail, return receipt requested, upon the attorney of record for Plaintiff.

    */s/ Jeffrey R. Seewald*
    Jeffrey R. Seewald

## CERTIFICATE OF SERVICE

I certify that on this 26th day of February, 2016, a correct copy of the foregoing Notice of Removal was filed with the Court via the CM/ECF filing system. I further certify that I have mailed by United States Postal Service the document to the following:

John L. Hendricks
Erik Moskowitz
Reed & Scardino, LLP
301 Congress Avenue, Suite 1250
Austin, Texas  78701
Telephone:  (512) 474-2449
Facsimile:  (512) 474-2622

***ATTORNEYS FOR PLAINTIFF***

*/s/ Jeffrey R. Seewald*
Jeffrey R. Seewald