**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **BCMS PARTNERS, LP d/b/a RIOUX CAPITAL,** | |
| **Plaintiffs,** | |
| **v.** | **CIVIL ACTION NO. 1:16-cv-00241-LY** |
| **KALAMATA CAPITAL, LLC,** | |
| **Defendant.** | |

**MOTION TO DISMISS AND MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANT'S MOTION TO DISMISS**

Defendant, Kalamata Capital, LLC ("Kalamata"), through its undersigned counsel and pursuant to the Federal Rules of Civil Procedure and the Declaratory Judgment Act, respectfully submits this Motion to Dismiss and Memorandum of Law in support of its Motion to Dismiss the Complaint ("Complaint") filed by Plaintiff, BCMS Partners, LP d/b/a Rioux Capital ("Plaintiff"), and states as follows:

**INTRODUCTION**

This declaratory judgment action constitutes an impermissible attempt by Plaintiff to pre-empt the action filed by Kalamata in the United States District Court for the District of Maryland and thereby deprive Kalamata of it choice of forum. On November 18, 2015, Plaintiff received a clear and definite threat of suit from Kalamata for breaching the subject contract between the parties. However, rather than cure the breach, Plaintiff induced Kalamata into agreeing to defer its lawsuit only so that it can file the instant – and substantively identical – lawsuit prior to the expiration of the deferral period. Under Fifth Circuit law, such gamesmanship constitutes "bad

faith conduct" and renders this action a procedurally improper "anticipatory declaratory judgment action" warranting dismissal. Accordingly, this action must be dismissed in favor of the action commenced by Kalamata and currently pending in the United States District Court for the District of Maryland.

<u>STATEMENT OF ALLEGED FACTS</u>

<u>The Participation Agreement and Kalamata's Right to Terminate Thereunder.</u>

On November 18, 2014, Plaintiff and Kalamata entered into a Participation Agreement under which Kalamata agreed to pay up to a maximum of $300,000 (the "Participation Amount") to Rioux Capital in exchange for, *inter alia*, an undivided pro-rata interest in accounts receivables owned by Plaintiff pursuant to certain factoring agreements identified in the Participation Agreement. ECF No. 1-1, ¶ 7. A copy of the Participation Agreement is attached to the Complaint as Exhibit A. *See* ECF No. 1-1, Exh. A. The Participation Agreement further provided that it would continue in effect for an "initial period of 12 months," beginning on November 18, 2014, and renew automatically for successive periods of twelve months, unless terminated. ECF No. 1-1, Exh. A, ¶ 7.1. The Participation Agreement granted Kalamata the right of termination at the anniversary of the "initial period of 12 months," and upon sixty days prior notice given to Rioux. ECF No. 1-1, Exh. A, ¶ 7.1c. Under the Participation Agreement, *upon the effective date of termination*, Plaintiff was obligated to pay Kalamata the "Participant's Investment," defined as the unpaid principal balance of any participation amounts paid by Kalamata to Rioux. ECF No. 1-1, Exh. A, ¶ 7.2 (emphasis supplied); ECF No. 1-1, Exh. A, ¶ 1.22.

**Kalamata's Investment and Termination and Plaintiff's Refusal to Repay.**

Pursuant to the Participation Agreement, Kalamata paid to Rioux $300,000, representing the maximum Participation Amount. ECF No. 1-1, ¶ 9. By letter dated September 18, 2015, Kalamata provided proper notice of its termination of the Participation Agreement pursuant to Section 7.1(c) of the Participation Agreement, and demanded payment of $300,000, representing the unpaid balance of Kalamata's "Participation Amount," to occur on or before November 18, 2015, the anniversary of the "initial period of 12 months" under Participation Agreement. *See* ECF No. 1-1, ¶ 10. A copy of the September 18, 2015 termination notice is attached to the Complaint as Exhibit B. ECF No. 1-1, Exh. B. By letter dated November 16, 2015, Plaintiff notified Kalamata that two of the obligors under the factoring agreements identified in the Participation Agreement were in default under their factoring agreements. A copy of the November 16, 2015 notice is attached to the Complaint as Exhibit C. ECF No. 1-1, Exh. C.

**Plaintiff Induces Kalamata to Defer Suit While it Races to the Courthouse.**

Prior to November 18, 2015, the effective date of termination, Plaintiff contacted Kalamata "requesting that Kalamata forbear from exercising its rights, remedies and recourse against Rioux under the Participation Agreement," including initiating legal action. See ECF No. 1-1, Exh. D.  In response to this request, Kalamata proposed an agreement under which it would forbear initiating a lawsuit against Plaintiff for its breach of the Participation Agreement until February 18, 2016, provided that Plaintiff strictly complied with certain terms enumerated in the agreement. *See id.* Plaintiff never signed or otherwise agreed to the terms of the agreement. *See id.* However, on December 4, 2015, in exchange for a payment of $7,749.97 from Plaintiff, Kalamata agreed to a thirty-day "standstill from initiating a lawsuit against [Plaintiff]." ("First Standstill Agreement"). A true and correct copy of the emails comprising the First Standstill

Agreement are attached hereto as **Exhibit 1**. *See also* The Declaration of Brian L. Moffet, Esq. attached as **Exhibit 2**, ¶ 4. Plaintiff's purported purpose in inducing Kalamata into the First Standstill Agreement was to "try and reach settlement." *See* Exh. 1. Pursuant to this purported purpose, counsel for Kalamata made clear to Plaintiff that during the term of the First Standstill Agreement, Plaintiff "needs to propose a repayment plan to Kalamata that is acceptable to Kalamata." *See id.* Counsel for Kalamata also warned that "if a repayment plan satisfactory to Kalamata is not in place by [January 2, 2016], Kalamata will file suit." *See* Exh 1.

By email correspondence dated January 1, 2016 and January 4, 2016, the parties further agreed that, in exchange for a second payment of $7,749.97 from Plaintiff to Kalamata, Kalamata would undertake a "second thirty day standstill period wherein [Kalamata] agrees not to take any action to enforce its claims against [Plaintiff] . . . through February 1, 2016." ("Second Standstill Agreement").  True and correct copies of the emails comprising the Second Standstill Agreement are attached hereto as **Exhibit 3**. *See also* Exh. 2, ¶ 5. As with the First Standstill Agreement, Kalamata was led to believe that the purpose of the Second Standstill Agreement was "so the parties can attempt to amicably resolve this matter." *See* Exh 3,

On Tuesday, January 26, 2016 – five days before the expiration of the Second Standstill Agreement – Plaintiff filed the instant Complaint.  In the Complaint, Plaintiff alleges that it is not currently obligated to repay Kalamata the $300,000 Kalamata invested in Plaintiff because, according to Plaintiff, the Participation Agreement relieves it of its repayment obligations where the factoring agreements identified by the Participation Agreement are in default. *See generally* ECF No. 1-1. As relief, Plaintiff seeks a declaratory judgment that it is not in breach of its obligations under the Participation Agreement and that it has no current obligation to repay Kalamata. ECF No. 1-1, ¶¶ 20-22. At bottom, the Complaint filed by Plaintiff on January 26,

509574.1

4

2016 seeks to litigate the very issues Plaintiff induced Kalamata *not to litigate* until February 1, 2016.

On February 24, 2016, Kalamata filed a one-count complaint against Plaintiff in the United States District Court for the District Maryland ("Maryland Action"), alleging that Plaintiff breached the Participation Agreement by failing to repay Kalamata the $300,000 it invested in Plaintiff, which amount is currently due and owing under the terms of the Participation Agreement.  A true and correct copy of the complaint filed in the Maryland Action is attached hereto as **Exhibit 4**. On February 26, 2016, Kalamata timely removed this action to this Court on diversity grounds. *See* ECF No. 1. Kalamata now moves to dismiss the Complaint on the grounds that it was filed in bad faith and in order to preempt the Maryland Action.

## LEGAL STANDARD

Where, such as here, a declaratory  judgment action is filed in state court and is then removed to federal court, the action is in effect converted into one brought pursuant to the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. *See Toops v. United States Fidelity & Guar. Co.*, 871 F. Supp. 284, 287 n.2 (S.D. Tex. 1994) ("Plaintiffs . . . brought suit in the 149th Judicial District Court of Brazoria County, Texas, claiming breach of contract and seeking a declaratory judgment of their rights under the Texas Declaratory Judgment Act. . . . Because this case was later removed to this Court, Plaintiffs Declaratory Judgment Act claim is now properly asserted under 28 U.S.C. §§ 2201 and 2202."). Relief under the Declaratory Judgment Act is procedural in nature, and thus, federal law governs whether and what relief may be had under the Declaratory Judgment Act, including whether a motion to dismiss the proceedings should be granted. *Little Giant Mfg. Co. v. Chromalox Indus. Heating Prods.*, 1996 U.S. Dist. LEXIS 9079, *7-9 (E.D. Tex. June 26, 1996).

The "Fifth Circuit has for many years held that declaratory judgment jurisdiction is a choice, not a command, and that a district court may, in the exercise of its sound discretion, decline to decide a declaratory judgment action." *Little Giant Mfg. Co.*, 1996 U.S. Dist. LEXIS 9079, at *11-12 (citing to *Mission Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599, 601 (5th Cir. 1983). *See also Wilton v. Seven Falls Company*, 515 U.S. 277, 287-88 (1995) ("By the Declaratory Judgment Act, Congress sought to place a remedial arrow in the district court's quiver; it created an opportunity, rather than a duty, to grant a new form of relief to qualifying litigants."). Pursuant to this maxim, courts in this Circuit have held that a declaratory claim should be dismissed if it was filed for the purpose of anticipating a trial of the same issues in a court of coordinate jurisdiction. *See Mill Creek Press, Inc v. Thomas Kinkade Co.*, 2004 U.S. Dist. LEXIS 31100, *27 (N.D. Tex. Nov. 16, 2004) ("[M]isuse of the Declaratory Judgment Act to gain a procedural advantage and preempt the forum choice of the plaintiff in the coercive action militates in favor of dismissing the declaratory judgment action.") (internal quotations omitted). *See also Pacific Employers Ins. Co. v. M/V Capt. W.D. Cargill*, 751 F.2d 801, 804 (5th Cir. 1985) ("This Court has stated that a proper factor to consider in dismissing a declaratory judgment suit is whether the suit was filed in anticipation of another and therefore was being used for the purpose of forum-shopping"); *Capco International, Inc. v. Haas Outdoors, Inc.*, No. Civ.A. 3:03-CV-2127G, 2004 U.S. Dist. LEXIS 6284, *16 (N.D. Tex. Apr. 9, 2004) (holding that the declaratory plaintiff's suit was brought "not for reasons supported by the purposes of the Declaratory Judgment Act, but for the improper reason of 'subverting the real plaintiff's advantage' in a forum of [the plaintiff's] choosing"); *New Orleans Public Serv. Inc. v. Majoue*, 802 F.2d 166, 168 (5th Cir. 1986) ("The wholesome purposes of declaratory acts would be

aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum.") (Internal quotations omitted).

## ARGUMENT

**1. Plaintiff's Complaint Should Be Dismissed Because It Was Filed in Bad Faith and In Anticipation of The Substantively Identical Complaint Filed by Kalamata in the Maryland Action.**

Plaintiff's conduct precipitating this lawsuit warrants its dismissal in favor of the Maryland Action. As a general rule, where two proceedings, involving substantially similar issues, are pending in different fora, the proceedings are to be consolidated in the court in which the first action was brought. *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (internal quotation marks omitted).  One well-recognized exception is where a party files a declaratory judgment action in anticipation of suit by its adversary.  *Paragon Industries, L.P. v. Denver Glass Machinery*, 2008 U.S. Dist. LEXIS 65665, *11 (N.D. Tex. Aug. 22, 2008).  The rationale behind this exception is that "anticipatory suits deprive a potential plaintiff of his choice of forum . . . and create disincentives to responsible litigation by rewarding the winner of a race to the courthouse." *Id.* at *11-12 (quoting *Frank's Tong Service, Inc. v. Grey Wolf Drilling Co., L.P.*, Case No. H-07-637, 2007 U.S. Dist. LEXIS 98002, *4 (S.D. Tex. Sept. 11, 2007)). *See also Paragon Indus.*, 2008 U.S. Dist. LEXIS 65665, at *12 ("When a plaintiff files an anticipatory suit in order to avoid litigation by the defendant, the true plaintiff is divested of his right to select the proper forum.") In determining whether a suit is improperly anticipatory, courts scrutinize the parties' activities prior to the filing of a suit, and specifically, whether lengthy negotiations and the tenor of the parties' relationship disclosed that suit was imminent, prompting anticipatory litigation. *Id.*

509574.1

Another well-recognized exception to the "first to file" rule exists "where a court determines that a party engaged in bad faith conduct by inducing an opposing party to delay filing of a lawsuit, so that he could file a preemptive lawsuit." *True View Surgery Ctr. One, L.P. v. Goodman Global Holdings, Inc.*, 2016 U.S. Dist. LEXIS 22593, *21 (S.D. Tex. Feb. 24, 2016) (quoting *Bank of America v. Berringer Harvard Lake Tahoe*, No. 3:13-CV-0585-G, 2013 U.S. Dist. LEXIS 82372, at *2 (N.D. Tex. June 12, 2013)). *See also Chapa v. Mitchell*, 2005 U.S. Dist. LEXIS 42441, *5 (W.D. Tex. Nov. 4, 2005) (granting defendant's motion to dismiss on the ground that plaintiff engaged in bad faith conduct by inducing defendant into agreeing to delay filing of a lawsuit so that he could file a preemptive lawsuit); G*emmy Industries Corp. v. Blue Ridge Designs, Inc.*, No. 3-99-CV-0008-G, 1999 U.S. Dist. LEXIS 11071999 (N.D. Tex. Feb. 1, 1999) (dismissing plaintiff's declaratory judgment action where plaintiff engaged in settlement negotiations while secretly filing declaratory judgment action). *Cf. 909 CORP. v. Bolingbrook Police Pension Fund,* 741 F. Supp. 1290, 1293 (S.D. Tex. 1990) ("Potential plaintiffs should be encouraged to attempt settlement discussions (in good faith and with dispatch) prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation in a district of its own choosing before plaintiff files an already-drafted complaint.").

Plaintiff's lawsuit in this case fits squarely within the foregoing exceptions to the "first to file" rule, thus warranting dismissal of the Complaint.  As a threshold matter, the parties, issues, and claims alleged by Plaintiff in this declaratory judgment action are identical in all substantive respects to the parties, issues, and claims asserted by Kalamata in the breach of contact action pending in Maryland. *Compare* ECF No. 1-1 *with* Exh. 3. Specifically, in both actions, the parties seek a determination as to whether Plaintiff breached the Participation Agreement such

that it is currently obligated to repay Kalamata the $300,000 Kalamata invested in Plaintiff. Moreover, the "parties' activities prior to the filing" of this action make clear that Plaintiff filed this action in "anticipation" of the Maryland Action. As Plaintiff readily concedes, as early as November 17, 2015, Kalamata provided written notice to Plaintiff of "its intentions [sic] to immediately file suit against Rioux Capital alleging breach by Rioux Capital of the Participation Agreement . . ." ECF No. 1-1, ¶ 13, and that threat remained extant through the date the Complaint was filed. *See* ECF No. 1-1, ¶ 24 ("Kalamata has made demand for payment under the terms of the contract and maintains a threat to sue Rioux Capital to recover its entire investment."). Moreover, pursuant to the Standstill Agreements, Kalamata agreed to defer filing a lawsuit until February 1, 2016. *See* Exhs. 1,2, 3.  Against the backdrop of these "negotiations and the tenor of the parties' relationship," Plaintiff's filing of the Complaint just days before February 1, 2016 clearly demonstrates Plaintiff's intent to pre-empt the Maryland Action and impermissibly deprive Kalamata – the "true plaintiff" in this dispute – of its choice of forum. *See Paragon Indus.*, 2008 U.S. Dist. LEXIS at *13-14 (holding that the action initiated by plaintiff was an improper anticipatory declaratory judgment action because "the parties' pre-litigation communications alerted [plaintiff] to the possibility of suit" and defendant granted plaintiff an extension of time to respond to a cease-and-desist demand but "before the extension expired, [plaintiff] filed its declaratory judgment action").

Further, as evidenced by the parties' correspondence, Plaintiff "won the race to the courthouse" through "bad faith conduct by inducing" Kalamata into believing that it was committed to resolving this dispute out of court. Specifically, in order to induce Kalamata into entering the Standstill Agreements, Plaintiff expressly stated its purported desire to "try and reach settlement." *See* Exhs. 1. Relying on Plaintiff's purported willingness to settle, Kalamata

agreed to defer filing suit by entering into the Standstill Agreements. Plaintiff took advantage of these Agreements and filed the Complaint to preempt the Maryland Action. *See* Exhs. 1,3. Under Fifth Circuit law, such "bad faith conduct" constitutes abuse of the Declaratory Judgment Act and warrants dismissal of the Complaint in favor of the Maryland Action. *See Chapa*, 2005 U.S. Dist. LEXIS at *5 (granting defendant's motion to dismiss on the ground that plaintiff engaged in bad faith conduct by inducing defendant into agreeing to defer filing of a lawsuit and then filing a preemptive lawsuit during deferral period). *See also 909 CORP.,* 741 F. Supp. at 1293 (dismissing declaratory judgment suit because "although [plaintiff] knew of the [defendant's] potential claim and attempt to seek an out-of-court settlement, [plaintiff] nevertheless filed suit on July 27, 1989").

## CONCLUSION

For the foregoing reasons, Defendant, Kalamata Capital, LLC, respectfully requests that Plaintiff's Complaint be dismissed with prejudice in favor of the Complaint filed by Defendant in the United States District Court for the District of Maryland.

Respectfully submitted,

By:  /s/ *Jeffrey R. Seewald*
**Jeffrey R. Seewald**
Federal Bar No. 28500
McGLINCHEY STAFFORD, PLLC
1001 McKinney Street, Suite 1500
Houston, Texas 77002
Telephone: (713) 335-2102
Facsimile: (713) 520-1025
jseewald@mcglinchey.com

*ATTORNEY-IN-CHARGE FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I certify that on this 4th day of March, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

John L. Hendricks
Erik Moskowitz
Reed & Scardino, LLP
301 Congress Avenue, Suite 1250
Austin, Texas  78701
Telephone:  (512) 474-2449
Facsimile:  (512) 474-2622

***ATTORNEYS FOR PLAINTIFF***

*/s/ Jeffrey R. Seewald*
Jeffrey R. Seewald

509574.1