**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| **BCMS PARTNERS, LP d/b/a RIOUX CAPITAL,** | |
| **Plaintiffs,** | |
| **v.** | **CIVIL ACTION NO. 1:16-cv-00241** |
| **KALAMATA CAPITAL, LLC,** | |
| **Defendant.** | |

### KALAMATA CAPITAL, LLC'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

Defendant, Kalamata Capital, LLC ("Kalamata"), through its undersigned counsel, respectfully submits this Reply Memorandum in Support of its Motion to Dismiss the Complaint filed by Plaintiff, BCMS Partners, LP d/b/a Rioux Capital ("Plaintiff"), and states as follows.[1]

### INTRODUCTION

Plaintiff's Opposition misses the whole point of Kalamata's Motion to Dismiss. Kalamata argues that Plaintiff's bad faith and anticipatory conduct constitute "compelling circumstances" that warrant dismissal of this action, despite the fact that Plaintiff filed its lawsuit prior to the Maryland Action. Instead of addressing this argument, the Opposition focuses on a number of other issues that are irrelevant to the resolution of the motion pending before this Court. For instance, Plaintiff embarks upon a forum *non conveniens* analysis to explain why Texas is a proper venue for this litigation– even though Kalamata never moved to transfer venue in this case - and advances arguments under Texas' "most significant relationship test," even

---

[1] The abbreviations and capitalized terms set forth herein are those used in the Motion to Dismiss

though it has not yet been determined whether Texas's choice-of-law rules even apply to this case. The Opposition also argues that this case must be analyzed under the factors set forth in *St. Paul Ins. Co. v Trejo*, 39 F.3d 585 (5th Cir. 1994), and that those factors weight in favor of litigating this case in Texas. As explained more fully below, Plaintiff's argument is wrong as a matter of fact and law. This Court has expressly approved the dismissal of a declaratory judgment action upon a finding of "compelling circumstances" without resorting to an analysis of the *Trejo* factors. Even if those factors were applied here, they would weigh in favor of dismissal. Accordingly, this case should be dismissed in favor of the Maryland Action.[2]

## ARGUMENT

**1.     The "Compelling Circumstances" Of This Case Warrant Dismissal Of The Complaint Without Examination Of The *Trejo* Factors.**

In the Opposition, Plaintiff contends that this Court <u>must</u> apply the *Trejo* factors in order determine whether this case should be dismissed due to Plaintiff's bad faith and anticipatory conduct. ECF No. 5, 14-18. To the contrary, this Court has made clear that it may dismiss a "first filed" action under certain "compelling circumstances," *without* exercising its "broad discretion" under the *Trejo* factors. *See Chapa v. Mitchell*, Case No. A-05-CV-769-JN, 2005 U.S. Dist. LEXIS 42441, *7-12 (W.D. Tex. Nov. 4, 2005). Courts in the Fifth Circuit have expressly held that such "compelling circumstances" exist where, *as here*, "a party engaged in bad faith conduct by inducing an opposing party to delay filing of a lawsuit, so that he could file a preemptive lawsuit," and where, *as here*, a party files a lawsuit in anticipation of a subsequent

---

[2] In the fact section of the Opposition, Plaintiff references that Kalamata filed a complaint against Plaintiff in Maryland on January 27, 2016 and immediately dismissed it, without prejudice, the next day. Plaintiff interprets Kalamata's prompt dismissal of that complaint as "a broadcast of its apparent acquiescence to Texas as the proper forum." ECF No. 9. This interpretation is nothing more than presumptuous speculation. The January 27, 2016 complaint was mistakenly filed prior to the expiration of the standstill period due to a miscommunication, and as soon as the miscommunication was detected, Kalamata dismissed that complaint, without prejudice. For Plaintiff to suggest anything to the contrary is simply without any good faith basis.

suit.  *True View Surgery Ctr. One, L.P. v. Goodman Global Holdings, Inc.*, Case No. H-15-3287, 2016 U.S. Dist. LEXIS 22593, *21 (S.D. Tex. Feb. 24, 2016) ("Courts have discretion to refuse to apply the first-to-file rule when the plaintiff demonstrates compelling circumstances against it. . . . One exception applies when a party files a declaratory judgment action in anticipation of a suit by its adversary, which can create an opportunity for forum-shopping . . . Compelling circumstances to disregard the first-to-file rule also exist where a court determines that a party engaged in bad faith conduct, by inducing an opposing party to delay filing of a lawsuit, so that he could file a preemptive lawsuit."). *See also Frank's Tong Serv., Inc. v. Grey Wolf Drilling Co., L.P.*, Case No. H-07-637, 2007 U.S. Dist. LEXIS 98002, at *4 (S.D. Tex. Sept. 11, 2007) ("[A]n anticipatory suit is also one of the compelling circumstances courts cite when declining [22] to apply the first-filed rule."); *Igloo Products Corp. v. Mounties, Inc.*, 735 F. Supp. 214, 217 (S.D. Tex. 1990 )("[O]ne of the special circumstances cited by courts that have declined to apply the first-filed rule is an indication that the first-filed suit was initiated in anticipation of the subsequent suit.").

Plaintiff's arguments that it neither acted in bad faith nor filed an improper anticipatory declaratory judgment action are without merit.  Plaintiff's only argument for why it did not act in bad faith is that the Standstill Agreements only prohibited Kalamata -- and not Plaintiff -- from filing a lawsuit prior to the expiration of the agreements.  ECF No. 5, pp. 17-18.  This argument completely misses the point, as Kalamata never suggested that Plaintiff's bad faith conduct arose from a breach of the Standstill Agreements.  Instead, Plaintiff's bad faith conduct arose from the undisputed fact that Plaintiff induced Kalamata into entering into the Standstill Agreements and then "took advantage" of the deferral period established by those Standstill Agreements to file a pre-emptive lawsuit.  Under Fifth Circuit law, as applied by this Court, such bad faith conduct

warrants dismissal of the Complaint regardless of whether it was augmented by a breach of contract. *See Chapa*, 2005 U.S. Dist. LEXIS 42441, *7-12 (granting defendant's motion to dismiss on the ground that plaintiff engaged in bad faith conduct by inducing defendant into agreeing to delay filing of a lawsuit so that he could file a preemptive lawsuit); *Gemmy Industries Corp. v. Blue Ridge Designs, Inc.*, Case No. 3-99-CV-0008-G, 1999 U.S. Dist. LEXIS 11071999 (N.D. Tex. Feb. 1, 1999) (dismissing plaintiff's declaratory judgment action where plaintiff engaged in settlement negotiations while secretly filing declaratory judgment action). *See also 909 CORP. v. Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1293 (S.D. Tex. 1990) ("Potential plaintiffs should be encouraged to attempt settlement discussions (in good faith and with dispatch) prior to filing lawsuits without fear that the defendant will be permitted to take advantage of the opportunity to institute litigation in a district of its own choosing before plaintiff files an already-drafted complaint.").

Plaintiff also is mistaken to argue that this action is not an improper anticipatory action simply because "declaratory judgments often anticipate future lawsuits." ECF No. 5, p. 16. What makes an anticipatory filing "improper" and thus warrants dismissal is that the plaintiff not only "anticipates" a lawsuit – as is "often" the case with declaratory judgment actions -- but also is put on notice by the other party that a lawsuit is impending. *See 909 Corp. v. Bolingbrook Police Pension Fund*, 741 F. Supp. 1290, 1292 (S.D. Tex. 1990) ("The Court cannot allow a party to secure a more favorable forum by filing an action for declaratory judgment when it has notice that the other party intends to file suit involving the same issues in a different forum."); *Serco Servs. Co., L.P. v. Kelley Co.*, CA 3:93-CV-1885-R, 1994 U.S. Dist. LEXIS 19348, *6-8 (N.D. Tex. May 20, 1994) ("The timing sequence in this case suggests, at a minimum, that Serco knew it was under the impending threat of litigation. It is suspicious indeed that Serco filed a

declaratory action one day prior to the expiration of Defendant's imposed deadline . . . Serco's filing of legal action within this period is tantamount, in the Court's opinion, to anticipatory action. This false start, so to speak, runs counter to the purpose and spirit of declaratory actions. . . "). Such conduct warrants dismissal because it deprives the "true plaintiff" of its right of forum selection. S*ee Paragon Indus., L.P. v. Denver Glass Mach., Inc*., Case No. 3-07CV2183-M, 2008 U.S. Dist. LEXIS 65665, *12 (N.D. Tex. Aug. 22, 2008) ("When a plaintiff files an anticipatory suit in order to avoid litigation by the defendant, the "true plaintiff" is divested of his right to select the proper forum.").

Here, Plaintiff openly concedes that Kalamata provided them with written notice of "its intentions [sic] to immediately file suit" ECF No. 1-1, ¶ 13, and that it filed this action in Texas because it "became evident that Kalamata had intended to file suit in Maryland." ECF No. 5, p. 9. Plaintiff has thus deprived Kalamata – the "true plaintiff" in this dispute – of its choice of forum thereby making the Complaint an improper anticipatory filing. Under the "compelling circumstances" exception to the "first filed" rule, this Court should therefore dismiss this case in favor of the Maryland Action.[3]

---

[3] Plaintiff seems to argue that Kalamata has failed to demonstrate how its improper anticipatory filing was "inequitable" or conferred unto Plaintiff an improper advantage. This argument is a non-starter. If nothing else, depriving Kalamata, the true plaintiff, of its choice of forum (Maryland), and forcing it to litigate in Texas, in and of itself, is "inequitable" and improperly inures to the advantage of Plaintiff. *See Misison Ins. Co. v. Puritan Fashions Corp.*, 706 F.2d 599 (5th Cir. 1983) (affirming district court's conclusion that plaintiff's filing was an "inequitable" anticipatory finding on the lone ground that the plaintiff was notified of the impending lawsuit by the defendant and filed its declaratory judgment action within days of the deadline for cure set forth in defendant's notice).

**2.    To The Extent This Court Is Inclined To Consider The *Trejo* Factors, They Weigh Decidedly In Favor Of Dismissal.**

Even if this Court were to consider the *Trejo* factors[4] either in addition to or in lieu of the "compelling circumstances" exception to the "first filed" rule, the result would be no different. As a preliminary matter, Plaintiff concedes that two of the *Trejo* factors, namely "whether there is a pending state action" and "whether the court is being called on to construe a state judicial decree, are not "at issue" in this case.  ECF No. 5, pp. 11-12 and14.  Given this concession, Kalamata will not address those factors here.

The *Trejo* factor relating to judicial economy is likewise uninformative, as it weighs neither in favor of nor against dismissal.  As this court observed, under *Trejo*, judicial economy is furthered when declaratory relief would reduce multiple future suits or streamline such proceedings. *Mayflower Transit v. Troutt*, 332 F. Supp. 2d 971, 980-981, (W.D. Tex. 2004). Where, however, a declaratory suit only seeks to resolve the issues between the plaintiff and the defendant, it "would not reduce multiple suits" and thus would not further judicial economy. *Id.* Here, it is undisputed that the instant action (like the Maryland Action) solely seeks to resolve the issues between Plaintiff and Kalamata with respect to the Participation Agreement. Further, this action does not encompass any issues that are not encompassed in the Maryland Action, and any relief awarded in this action will not do more to reduce future suits than an award in the Maryland Action.  Moreover, even assuming, as Plaintiff contends, that this dispute is governed

---

[4] For the Court's convenience, the Trejo factors are as follows: (1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit  filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, and 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy," state suit between the same parties is pending; (7) whether the federal court is being asked to construe a state judicial decree involving the  same parties and entered by the court before whom the parallel suit between the same parties is pending. *Trejo*, 39 F.3d at 590-91.

by Texas law, judicial economy will not be promoted by litigating this case in Texas.[5]  Maryland federal courts are fully capable of applying Texas law to a straightforward breach of contract case such as this one, and in fact, a Maryland federal court has recently done just that.  *See, e.g.*, *Lupo v. JPMorgan Chase Bank, N.A.*, Case No. DKC 14-0475, 2015 U.S. Dist. LEXIS 130869 (D. Md. Sept. 28, 2015).  As such, "this factor neither favors nor weighs against issuing declaratory relief." *Mayflower Transit*, 332 F. Supp. 2d at 981.

As to the remaining *Trejo* factors, Kalamata's Motion and the discussion above address three of the factors – (1) "whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant," (2) "whether the plaintiff engaged in forum shopping in bringing the suit," and (3) "whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist." – and resolve those factors in favor of dismissal of this case.

The last *Trejo* factor - the "convenient forum" – likewise weighs in favor of dismissal. Under this factor, a court seeks to determine "whether the federal court is convenient for *all* parties" and witness. *Admiral Ins. Co. v. Little Big Inch Pipeline Co.*, 496 F. Supp. 2d 787, 794,

---

[5]  Plaintiff raises two flawed arguments to support its contention that Texas law applies to this case.  First, Plaintiff contends that the "Participation Agreement and the underlying factoring agreements designate Texas as the chosen state for interpretation of the agreements." ECF No. 5, p. 10.  As a preliminary matter, whether the underlying factoring agreements are governed by Texas law is a red herring. The instant lawsuit, like the Maryland Action, seeks to resolve the parties' rights and obligations under the Participation Agreement, not under the factoring agreements. Further, as an empirical matter, Plaintiff is simply wrong in stating that the Participation Agreement "designates Texas as the chosen state for interpreting the agreements." In truth, the Participation Agreement does not contain *any* governing law provision.  Rather, the agreement merely defines the "Chosen State" as "Texas" in its "Definitions" section, but nowhere in the agreement itself does the phrase "Chosen State" appear.  Plaintiff's suggestion as to the purpose for which Texas was "chosen" – if any- is pure guesswork.  *See, e.g., Galik v. Lockheed Shipbuilding Co.*, 727 F. Supp. 1433, 1436 (S.D. Ala. 1989) ("Mr. Robinson's opinions as to the intent of the contract are impermissibly based on theoretical speculation and guesswork, and are not sufficient to create a "genuine" issue of material fact.").  Plaintiff also argues that Texas law applies to this contract dispute because, under Texas law, the "most significant relationship test" requires the application of Texas law. This argument places the preverbal cart before the horse.  The dispositive issue before the Court is whether Texas is the appropriate forum in the first place. Texas's choice-of-law rules (including the "most significant relationship test") only become applicable in the event this litigation continues in this Court.

2007 U.S. Dist. LEXIS 56420, *19 (W.D. Tex. 2007). Where the federal court is only convenient to the plaintiff (unsurprisingly), but not to the defendant, it is not considered a "convenient forum" under *Trejo*. See, e.g., *Mill Creek Press, Inc v. Thomas Kinkade Co.*, Case No. 3:04-CV-1213-G, 2004 U.S. Dist. LEXIS 31100, at *30, n.6 (N.D. Tex. Nov. 16, 2004) ("While the Northern District of Texas is certainly a more convenient forum for the plaintiffs, it appears, based on the briefs, that the Central District of California is a more convenient forum for TKC and most of its witnesses. . . . The plaintiffs have not provided any evidence to support their contention that this forum is more convenient."); *State Farm Fire & Cas. Co. v. Miraglia*, No. 4:07-CV-013-A, 2007 U.S. Dist. LEXIS 75712, at *23-24 (N.D. Tex. Oct. 11, 2007) ("The court concludes that while California would burden State Farm and possibly other defendants, litigating the action in Texas is inconvenient for [defendant] and thus, this factor weighs in his favor"); *Capco Int'l, Inc. v. Haas Outdoors, Inc.*, No. 3:03-CV-2127-G, 2004 U.S. Dist. LEXIS 6284, at *17-18 (N.D. Tex. Apr. 9, 2004) (finding that "convenient forum" factor weighed against its entertaining the declaratory judgment because "[it] appears to the court that the Texas forum would be just as burdensome to Haas -- the declaratory judgment defendant -- as the Mississippi forum would be to Capco -- the declaratory judgment plaintiff.").

Here, at most, Plaintiff has demonstrated that Texas is a convenient forum for it and its witnesses. It has entirely neglected to show – and cannot show --- that Texas is a convenient forum for Kalamata and its witnesses. In fact, Plaintiff effectively concedes that Texas is <u>not</u> a convenient forum for Kalamata by observing that Kalamata's primary place of business is in Maryland, ECF No. 5, p. 6, and that Kalamata's CEO and Chief Credit Officer, who, according to Plaintiff's own averments, have information pertinent to the subject dispute, are located in New York and Maryland, respectively. *See id.* at 3. Because the four relevant *Trejo* factors

decidedly weigh in favor of dismissal and none weigh against it, this Court should dismiss Plaintiff's Complaint in favor of the Maryland Action.[6]

## CONCLUSION

For the foregoing reasons, Defendant, Kalamata Capital, LLC, respectfully requests that Plaintiff's Complaint be dismissed with prejudice in favor of the Complaint filed by Defendant in the United States District Court for the District of Maryland.

Respectfully submitted,

By: /s/ *Jeffrey R. Seewald*
**Jeffrey R. Seewald**
State Bar No. 17986640
McGLINCHEY STAFFORD, PLLC
1001 McKinney Street, Suite 1500
Houston, Texas 77002
Telephone: (713) 335-2102
Facsimile: (713) 520-1025
jseewald@mcglinchey.com

***ATTORNEY-IN-CHARGE FOR DEFENDANT***

---

[6] Plaintiff devotes much of its Opposition to arguing that venue in this Court is proper under the doctrine of *forum non conveniens*. *See* ECF No. 5, pp. 13-14. In so arguing, Plaintiff merely distracts the Court as Kalamata has not moved to transfer venue in this case, and the doctrine is not dispositive of any of the issues raised by Kalamata. Moreover, while the *forum non conveniens* doctrine is typically "informative in determining whether the federal court is a convenient forum for the parties and witnesses" under *Trejo, AT&T Mgmt. Servs., L.P. v. CRI Consultants Ltd.*, Case No. 3:15-CV-0073-B, 2015 U.S. Dist. LEXIS 102877, *28 (N.D. Tex. Aug. 5, 2015), it is entirely unavailing in this case, as Plaintiff has failed to make the threshold showing that Texas is a convenient forum for Kalamata and its witnesses.

## CERTIFICATE OF SERVICE

I certify that on this 24th day of March, 2016, a correct copy of the foregoing Reply Memorandum in Support of Motion to Dismiss was filed with the Court via the CM/ECF filing system. I further certify that I have mailed by United States Postal Service the document to the following:

John L. Hendricks
Erik Moskowitz
Reed & Scardino, LLP
301 Congress Avenue, Suite 1250
Austin, Texas  78701
Telephone:  (512) 474-2449
Facsimile:  (512) 474-2622

*ATTORNEYS FOR PLAINTIFF*

*/s/ Jeffrey R. Seewald*
Jeffrey R. Seewald